UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN PEREZ

                Plaintiff,

-against-

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);
Individually and in their official capacity as
NEW YORK CITY POLICE OFFICERS –
POLICE OFFICER LUIS FERNANDEZ,
SH# 17933, and POLICE OFFICER SEGIO MARTE,
SH# 25830, Precinct 30 and John Doe Police Officers.

                Defendants.

------------------------------------------------------------X

**TRIAL BY JURY DEMANDED**

CIVIL NO. 07 CIV 7098

Plaintiff Juan Perez, by and through his attorney, Rudy Velez, Esq., respectfully shows to this court and alleges as follows:

## INTRODUCTION

1. This is an action commenced by plaintiff for money damages against defendants for committing acts within the scope of their employment and under color of law and depriving plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York.

Plaintiff alleges that defendants through said Police Officer, deprived him of the Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, warrantless search, made without probable cause his 14th Amendment due process rights, and arrest without probable cause.

1

This action has been commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (1-4), and 2202.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

5.  Plaintiff demands trial by jury in this action.

## PARTIES

6.  Plaintiff JUAN PEREZ (PEREZ) is an American Citizen residing in the Manhattan. He has no prior or subsequent criminal record.

7.  Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

8.  Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

9.  At all times relevant herein, defendant Police Officer LUIS FERNANDEZ (Fernandez) Sh# 17933 was a police officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and

acting under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

10. At all times relevant herein, defendant Police Officer SERGIO MARTE (Marte) Sh# 25830 was a police officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

## FACTUAL ALLEGATIONS

11. At approximately 16:50 pm. on April 19, 2007, Perez was in front of Broadway and West 149th street, New York, New York. Police Officer Luis Fernandez, Sh# 17933 and police officer Sergio Marte, Sh# 25830 arrested PEREZ. The police claimed PEREZ had acted in concert with another person in order to commit the offenses of criminal sale of a controlled substance in the first degree (Penal Law Section 220.43). Perez informed the police that they had the wrong person but he was booked and charged. Perez was seated on a milk crate at the entrance of Liriano grocery store located at Broadway and W. 149th Street. Mr. Perez was smoking a cigarette and sipping on his coffee. He knew the owner of the grocery store and this was Mr. Perez' same routine for the last four years. Someone asked Perez for a light and Perez gave him his lighter. Perez stayed seated on the milk crate and a few minutes later, the police arrived and arrested Perez. Mr. Perez was in a public place and had committed no act which would give the police a reason to search and arrest him or provide probable cause to interfere with his liberty.

12. Perez was incarcerated until He made bail and was released April 24, 2007 at 3:00 a.m. The case was adjourned to April 25, 2007 Part - F, New York Criminal Court.

13. Perez appeared in New York Criminal Court on April 25, 2007. The Criminal felony complaint and all of the charges were dismissed on April 25, 2007 in part F, New York Supreme Court. The charges were dismissed on Motion of the New York District Attorney because of a lack of evidence to go forward against Mr. Perez and because the police had arrested the wrong person.

14. Prior to the announcement on April 25, 2007 by the district attorney that the case would be dismissed, PEREZ faced serious felony charges in Supreme Court. The ordeal greatly traumatized PEREZ and as a result of his incarceration and forced court appearance, his reputation as a decent good citizen was greatly damaged and he was deprived of his liberty for six days.

## DAMAGES

15. As a direct and proximate result of the said acts of the defendant, PEREZ suffered the following injuries and damages:

   a. Violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution;
   b. Loss of physical liberty due to incarceration;
   c. Further restrictions on his liberty due to forced court appearances;
   d. Economic damages including loss of income;
   e. Humiliation, embarrassment, and injury to reputation;
   f. Extreme emotional distress;

    g. Severe disruption of family and work.

## CAUSES OF ACTION

### COUNT I

### 42. U.S.C. § 1981, 1983 – FOURTH AND FORTEENTH AMENDMENT VIOLATIONS: FALSE ARREST

16. Paragraphs 1-15 are incorporated by reference as though fully set forth.

17. Plaintiff did not commit, either before or at the time he was unlawfully arrested, imprisoned, prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects people from unreasonable searches and seizures. The plaintiff claims that his search and arrest was unlawful because it was made without probable cause to believe PEREZ had sold a controlled substance.

18. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was unlawfully searched and arrested and imprisoned, prosecuted and compelled to be arraigned and appear in Criminal Court and Supreme Court until he was fully acquitted with a full dismissal of all criminal charges by the New York District Attorney's Office on April 25, 2007.

19. That on or about 19th day of April, 2007 at or about approximately 16:25 p.m. of that day, while the plaintiff was lawfully and properly in a public place located in the vicinity of Broadway and W. 149th street subsequent thereafter, including but not limited to a New York Precinct, Central

Booking and a detention cell at the Criminal Court building located at 100 Center street, the defendants, their agents, servants and employees falsely arrested PEREZ without any probable cause or any just right or grounds therefore.

20. That the plaintiff was deprived of his liberty and was forced to submit to court proceedings.

21. That the defendant police officers, acting under color of authority did not testify truthfully and withheld vital information, in the County of the New York, New York.

22. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the Defendant CITY and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the CITY.

23. That at all times hereinafter mentioned, defendants, Police Officer Luis Fernandez Shield No.17933, and police officer Sergio Marte Shield No. 25830 were acting under color of law in their official capacity as a New York City Police Officers.

24. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the CITY and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, PEREZ, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States

and the laws of the United States to wit: to be free from warrant less searches and arrests without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment right to be free of unreasonable search and seizure and restraint on his liberty without due process, and arrest without probable cause.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of One Million ($1,000,000.00) dollars.

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in the amount of One Million Dollars on each Cause of Action;

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3. For such other and further relief as to this Court may seem just and proper.

Dated: Bronx, New York
August 9, 2007

_____
RUDY VELEZ /7160
930 Grand Concourse suit 1A
Bronx, New York 10451
(718) 993-3062
(718) 993-3064 (fax)