

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 9/7/07

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Sumit Sud
*Assistant Corporation Counsel*
ssud@law.nyc.gov
(212) 788-1096
(212) 788-9776 (fax)

August 29, 2007

**BY FAX**
Honorable Harold Baer, Jr.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  Juan Perez v. The City of New York et al.
             07 CV 7098 (HB)

Your Honor,

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter. I write to respectfully request that defendant City of New York be granted an enlargement of time from the present date until October 29, 2007, to answer or otherwise respond to plaintiff's complaint. The undersigned contacted plaintiff's counsel Rudy Velez, Esq., for his consent to this request but could not reach him.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligation under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiff allege that, on or about April 4, 2007, while in the vicinity of Broadway and West 149th Streets, he was falsely arrested and charged with violating New York Penal Law § 220.43, Criminal Sale of a Controlled Substance. Plaintiff also appears to allege that he was maliciously prosecuted insofar as the underlying criminal charges brought against them were dismissed by the District Attorney's Office on or about April 25, 2007. To that end, this office is in the process of forwarding to plaintiff for execution a N.Y.C.P.L §160.50 releases so that we can access the sealed records from their underlying criminal prosecutions, including the Criminal Court file, the District Attorney's files, and even our own police records.

Further, assuming plaintiffs effected timely service on the individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Accordingly, defendant City of New York respectfully requests that it be granted an enlargement of time from the present date until October 29, 2007, to answer or otherwise respond to plaintiff's complaint.. Thank you for your consideration of this request.

Respectfully submitted,

Sumit Sud (SS 2781)
Assistant Corporation Counsel

cc:   Rudy Velez, Esq.
      Attorney for Plaintiff
      930 Grand Concourse Suite 1A
      Bronx, New York 10451 (by FAX)

*[Handwritten note:]* Be sure you have done 20+ hrs of due diligence by your adversary after having answered or moved for a PTC on Oct 25 at 3:00 PM

SO ORDERED:

Harold Baer, Jr., U.S.D.J.
Date: 9/7/07

Endorsement:

    Be sure you have done your due diligence by October 23 and he here with your adversary after having answered or moved for a PTC on October 25 at 3:00 P.M.